IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | § § § | |
| Plaintiff, | § § | NO. 3-05-CV-1063-B |
| VS. | § § | |
| RENAISSANCE III ORGANIZATION | § § | |
| Defendant. | § § | |

# MEMORANDUM ORDER

Plaintiff Equal Employment Opportunity Commission has filed a motion to quash 21 subpoenas issued by Defendant Dallas African American Resource Center, formerly d/b/a Renaissance III Organization, to former employers of the charging parties in this Title VII racial harassment case. Each subpoena requires the production of:

> [A]ny and all files, notes, papers, employment and/or personnel records, payroll and/or earning records, insurance records, worker's compensation records, correspondence, and any other tangible documents[.]

(Plf. Mot., Exh. A). Plaintiff argues that the subpoenas seek irrelevant information and serve no purpose other than to harass, oppress, and invade the privacy of the charging parties. Defendant counters that the employment records of these individuals are reasonably calculated to lead to the discovery of admissible evidence. The parties have briefed their respective positions in a joint status report filed on March 29, 2006, and the motion is ripe for determination.

Fed. R. Civ. P. 26(b) allows a party to obtain discovery "regarding any matter, not privileged, that is relevant to a claim or defense of any party[.]" The information sought need not be admissible

at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As the party seeking discovery, defendant must establish this threshold burden. *See Vardon Golf Co., Inc. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 650 (N.D. Ill. 1994) ("To place the burden of proving that the evidence sought is not reasonably calculated to lead to the discovery of admissible evidence on the opponent of discovery is to ask that party to prove a negative. This is an unfair burden, as it would require a party to refute all possible alternative uses of the evidence, possibly including some never imagined by the proponent."). No such showing has been made here. In its portion of the joint status report, defendant states only "[t]hese employment records will likely contain information which will or could affect the value of these employees' claim." (Jt. Stat. Rep. at 2). Such a conclusory assertion, unsupported by any facts, evidence, or citations to legal authority, amounts to nothing more than a fishing expedition and does not justify the wholesale production of confidential employment records. Even if the discovery sought by defendant is reasonably calculated to lead to the discovery of admissible evidence, the court finds that the privacy interests of the charging parties far outweigh any likely benefit to defendant in obtaining the records its seeks. *See* Fed. R. Civ. P. 26(b)(2)(iii).

    For these reasons, plaintiff's motion to quash [Doc. #29] is granted.

    SO ORDERED.

    DATED: March 30, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE