IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | § § § | |
| Plaintiff, | § § | NO. 3-05-CV-1063-B |
| VS. | § § | |
| RENAISSANCE III ORGANIZATION | § § | |
| Defendant. | § | |

# MEMORANDUM ORDER

Plaintiff Equal Employment Opportunity Commission has filed a motion to strike the designation of Mel Fugate as an expert witness. Although defendant timely identified Fugate as a testifying expert prior to the expiration of the February 28, 2006 deadline established by the court, the witness has not yet prepared or served a written report as required by Fed. R. Civ. P. 26(a)(2)(B).[1] Defendant counters that Fugate is in the process of preparing a report, which was delayed due to problems in locating representatives and former employees of Renaissance III Organization. The parties have briefed their respective positions in a joint status report filed on March 29, 2006, and the motion is ripe for determination.

---

[1] Rule 26(a)(2)(B) provides, in pertinent part:

> Except as otherwise stipulated or directed by the court, [the disclosure of expert witnesses] shall . . . be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

The court initially observes that defendant was required to designate its experts "*and otherwise comply with Rule 26(a)(2)*" on or before February 28, 2006. *See* Sch. Order, 8/18/05 at 3, ¶ II-4(b). To the extent this language is ambiguous, the summary chart of critical dates on the first page of the scheduling order makes clear that defendant must not only designate its experts, but also provide a "report" by the February 28, 2006 deadline. *Id.* at 1, ¶ I. If defendant was unable to comply with that deadline due to circumstances beyond its control, counsel should have sought a modification of the scheduling order. *See* Fed. R. Civ. P. 16(b) (scheduling order may be modified upon a showing of "good cause"). This was never done.

Notwithstanding defendant's failure to comply with its obligations under the scheduling order and the federal rules, the court determines that plaintiff will not be prejudiced if Fugate serves a written report within 14 days. Accordingly, plaintiff's motion to strike [Doc. #31] is denied at this time. Defendant shall provide plaintiff with a written report from its expert, Mel Fugate, by **April 13, 2006.** The report must comply with Fed. R. Civ. P. 26(a)(2)(B) in all respects. The discovery deadline is extended until **May 12, 2006** for the limited purpose of allowing plaintiff to depose Fugate. All other pretrial deadlines remain in effect.

SO ORDERED.

DATED: March 30, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE