IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | § § § | |
| Plaintiff, | § § | NO. 3-05-CV-1063-B |
| VS. | § § § | |
| RENAISSANCE III ORGANIZATION | § § | |
| Defendant. | § | |

**MEMORANDUM ORDER**

Defendant Dallas African American Resource Center, formerly d/b/a Renaissance III Organization, seeks a four-month extension of the discovery deadline in this Title VII racial harassment case. As grounds for its motion, defendant alleges that additional time is needed to complete discovery due to "the number of claimants involved in this matter, the complex allegations made by said claimants, and the unique difficulties in dealing with a defendant organization that is no longer in operation[.]" (Def. Mot. at 2). Plaintiff opposes the motion because defendant has known the identity of some 16 potential fact witness since August 2005 when the parties exchanged their initial disclosures, deposed all five charging parties in December 2005, and has had ample opportunity to contact witnesses. The parties have briefed their respective positions in a joint status report filed on March 30, 2006, and the motion is ripe for determination.

The current scheduling order requires the parties to complete all discovery by March 31, 2006. *See* Sch. Order, 8/18/05 at 3, ¶ II-5. In order to modify this deadline, defendant must establish "good cause." *See id.* at 8, ¶ II-12, *citing* Fed. R. Civ. P. 16(b). The "good cause" standard focuses on the diligence of the party seeking an extension of a pretrial deadline. *AMS Staff*

*Leasing v. Starving Students, Inc.*, No. 3-03-CV-0383-BD, 2004 WL 251555 at *1 (N.D. Tex. Jan. 7, 2004) (Kaplan, J.) (citing cases).  Mere inadvertence on the part of the movant and the absence of prejudice to the non-movant are insufficient to establish "good cause."  *Id.*  Instead, the movant must show that "despite his diligence, he could not have reasonably met the scheduling deadline."  *Id., citing* 6A C. Wright & A. Miller, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990).

Defendant states it needs more time to contact former employees, to fully develop the opinions of its experts, and to obtain records from the employers and health care providers of the charging parties.[1]  (*See* Jt. Stat. Rep. at 2).  However, defendant fails to identify any of its former employees, other than Donald Sneed, or explain how their testimony is relevant to the case.  Nor is it clear why defendant was unable to develop the opinions of its experts and obtain information pertaining to the charging parties earlier.  Without more facts, defendant cannot demonstrate "good cause" for a blanket extension of the discovery deadline.

The court reaches a different conclusion with respect to an extension of the deadline for the purpose of deposing Donald Sneed, the former Executive Director of Renaissance III Organization who allegedly harassed the charging parties.  It appears that both sides have made diligent attempts to locate Sneed and take his deposition.  By order dated January 27, 2006, the court directed Sneed to appear for deposition on February 6, 2006.  He failed to do so.  Under these circumstances, the discovery deadline should be extended to give the parties additional time to locate Sneed and take his deposition, either with or without assistance from the court.

---

[1] The court previously quashed 21 subpoenas issued by defendant for employment records of the charging parties. In its order, the court ruled that the subpoenas amounted to nothing more than a fishing expedition and, even if the records are discoverable, "the privacy interests of the charging parties far outweigh any likely benefit to defendant in obtaining the records its seeks."  *See* Order, 3/30/06 at 2.

For these reasons, defendant's motion to enlarge time for discovery [Doc. #32] is granted in part and denied in part.  The motion is granted and the discovery deadline is extended until **May 12, 2006** to enable the parties to depose Donald Sneed.  In all other respects, the motion is denied.

SO ORDERED.

DATED:  April 4, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE